UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY ANN CORBIERE,

                Plaintiff,

v.                                                    8:16-CV-1152
                                                        (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

SCHNEIDER & PALCSIK                       MARK A. SCHNEIDER, ESQ.
  Counsel for Plaintiff
57 Court St.
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.             REBECCA ESTELLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

      This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 15.) This case has proceeded in accordance with General Order 18.

      Currently before the Court, in this Social Security action filed by Kerry Ann Corbiere ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 11, 12.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1971. (T. 56.) She completed the 11th grade. (T. 139.) Generally, Plaintiff's alleged disability consists of bipolar disorder, depression, a learning disability, and a back impairment. (T. 45, 56.) Her alleged disability onset date is April 1, 2012. (T. 55.) Her date last insured is December 31, 2016. (*Id.*) She previously worked as a cashier, store stocker, and shift supervisor. (T. 140.)

### B. Procedural History

On December 5, 2013, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 55.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On March 30, 2015, Plaintiff appeared before the ALJ, Robert Wright. (T. 33-54.) On May 12, 2015, ALJ Wright issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-25.) On September 6, 2016, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 15-21.) First, the ALJ found that Plaintiff met the insured status

requirements through December 31, 2016 and Plaintiff had not engaged in substantial gainful activity since April 1, 2012. (T. 15.) Second, the ALJ found that Plaintiff had the severe impairments of lumbar disc disease, obesity, major depressive disorder, bipolar disorder, and anxiety. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15-17.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform unskilled sedentary work[1], specifically simple, routine, and low stress work involving only occasional decision making, changes in the work setting, or interaction with coworkers and no interaction with the public. (T. 17.) Fifth, the ALJ determined that Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T.19-21.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes essentially three separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ erred by not giving sufficient weight to the findings and opinions of Plaintiff's treating sources. (Dkt. No. 11 at 9-16 [Pl.'s Mem. of Law].) Second, Plaintiff argues she is disabled by a combination of her spinal disorder, mental illness, a cognitive disorder, morbid obesity, and the side effects

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

from her medications. (*Id.* at 16-24.) Third, and lastly, Plaintiff argues the ALJ erred by not crediting her testimony regarding her limitations. (*Id.* at 24-30.)

## B.     Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ's RFC determination, including his credibility determination, was proper and supported by substantial evidence. (Dkt. No. 12 at 19-25 [Def.'s Mem. of Law].)

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there

are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. The ALJ's RFC Determination

The RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id.* at §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).

In formulating his mental RFC determination, the ALJ relied on the medical source opinion of consultative examiner Carly Melcher, Psy.D., affording it a "fair amount of weight." (T. 18.) Although the ALJ ultimately found Plaintiff's testimony regarding the limiting effects of her symptoms not fully credible, the ALJ determined Plaintiff had greater limitations due to her mental impairments than opined by Dr. Melcher based on "subjective evidence" and other evidence in the record. (*Id.*) The ALJ further relied on the medical source statements provided by non-examining State agency medical consultant J. Alpert. (T. 18-19.) Lastly, the ALJ relied on treatment notations from Plaintiff's mental health providers. (*Id.*)

In formulating his physical RFC determination, the ALJ relied on treatment notations from Plaintiff's treating provider, Anthony Conti, M.D., and pain management specialist, Brian Lecuyer, M.D. (T. 19.) The ALJ further relied on objective medical imaging and other treatment observations in the record. (*Id.*) No treating source

provided a medical source statement regarding Plaintiff's work related functional abilities.

Plaintiff argues that the ALJ erred in his mental and physical RFC determination. Plaintiff asserts that the ALJ erroneously rejected the medical opinions from Plaintiff's treating health care providers and Dr. Melcher in violation of 20 C.F.R. § 404.1527. (Dkt. No. 11 at 9-16 [Pl.'s Mem. of Law].)

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2)[2]; *see Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 404.1527(c)(2)(i)-(iv). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

---

[2] Effective March 27, 2017, 20 C.F.R. § 404.1527 has been amended, as have other regulations and SSRs cited herein. Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the Court reviews the ALJ's decision under the earlier regulations and SSRs.

First, no treating source provided a medical source opinion regarding Plaintiff's functional ability to perform the mental or physical demands of work, nor did treatment notations contain functional limitations. Second, as stated by Defendant, in support of her contention Plaintiff cites to her own statements, medical source observations, diagnosis, or test results, which are not medical opinions subject to 20 C.F.R. § 404.1527. Therefore, Plaintiff's argument that the ALJ "erred by not giving full credit to these findings and opinions" is without merit because "findings" are not subject to 20 C.F.R. § 404.1527 and there were no "opinions" rendered.

In addition, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position, as Plaintiff appears to do here. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

For example, Plaintiff asserts, without citation to the record, that she was incapable of work because suffered from mental limitations that prevented her from leaving her house due to panic attacks and agoraphobia. (Dkt. No. 11 at 15 [Pl.'s Mem.

of Law].)  Although Plaintiff was diagnosed with anxiety/panic attacks and agoraphobia, no medical source in the record opined that Plaintiff was unable to leave her house.

Plaintiff also asserts that no medical evidence was inconsistent with the MRI reports, positive strait leg raises, and other observations made by health care providers regarding her back impairment.  (Dkt. No. 11 at 15-16 [Pl.'s Mem. of Law].)  Again, MRI reports and other objective tests, such as straight leg raises, are not opinions.

In formulating his RFC determination, the ALJ reviewed the objective medical evidence in the record, noted the MRI results and other evidence indicating a back impairment.  (T. 19.)  There was no indication that the ALJ misread or misconstrued the objective medical evidence or Plaintiff's subjective complaints.  Plaintiff fails to cite any evidence from the record showing that the objective medical evidence was inconsistent with the ALJ's RFC determination or that any source provided greater functional limitations based on the objective evidence.

Plaintiff also appears to argue that, based on Dr. Melcher's examination, Plaintiff had greater difficulty maintaining attention and concentration than accounted for in the RFC because Plaintiff had difficulty with serial 3s[3].  (Dkt. No. 11 at 22-23 [Pl.'s Mem. of Law].)  Dr. Melcher noted Plaintiff made errors in calculating serial 3s.  (T. 240.)  However, despite difficulty, Dr. Melcher ultimately opined that Plaintiff was capable of following and understanding simple directions and instructions, performing simple tasks independently, and had a "mild" limitation in attention and concentration.  (T. 241.)

---

[3]  The Serial 3's and 7's subtraction tasks are traditionally used in mental status examinations. The usefulness of these tasks is based upon the assumption that they measure attention and mental concentration.  US National Library of Medicine Institutes of Health, *Standardization and Adult Norms for the Sequential Subtracting Tasks of Serial 3's and 7's*, https://www.ncbi.nlm.nih.gov/pubmed/27218700 (last visited 11/21/17).

First, Plaintiff fails to indicate how Dr. Melcher's observation or opinion was inconsistent with the ALJ's RFC.  Second, the ALJ actually concluded that Plaintiff's mental RFC was more restrictive than Dr. Melcher's opinion.  (T. 18.)  Therefore, Plaintiff's argument, that Dr. Mechler's examination warranted a more restrictive RFC, is without merit.

Plaintiff asserts that the ALJ failed to fully consider the effects of her obesity, in violation of SSR 02-1p.  (Dkt. No. 11 at 20 [Pl.'s Mem. of Law].)  Here, the ALJ determined Plaintiff's obesity was a severe impairment at step two.  (T. 15.)  In his RFC analysis, the ALJ noted that Plaintiff's medical records indicated that she was obese and he noted that he considered her obesity under the SSR.  (T. 19.)  Plaintiff fails to explain how the ALJ's analysis of her obesity was insufficient nor does Plaintiff identify any error that the ALJ made in applying SSR 02-1p.  Plaintiff asserts her obesity caused her legs and feet to swell; however, Plaintiff fails to provide a citation to the record to support this statement.  (Dkt. No. 11 at 22 [Pl.'s Mem. of Law].)  Plaintiff appears to be relying on her testimony from the hearing.  At the hearing Plaintiff's counsel posed the question, "Do you have any problems with your back or your legs because of your weight?"  (T. 48.)  Plaintiff responded, "Yes I do [. . . ] just standing and all of the weight goes on [. . .] [a]nd by the end of the day my feet are really swollen."  (*Id.*)  Plaintiff fails to show how her testimony was inconsistent with the ALJ's RFC limiting her to sedentary work.  The ALJ properly considered and discussed Plaintiff's obesity at all steps of his evaluation.

Plaintiff asserts that the ALJ failed to take into consideration the "combined affects" of Plaintiff's impairments in formulating his RFC determination.  (Dkt. No. 11 at

10

16-24 [Pl.'s Mem. of Law.)  However, Plaintiff actually appears to argue the ALJ erred in assessing her credibility.  (*Id.*)  Plaintiff asserts that the ALJ failed to consider that a person who has to lie down throughout the day for pain cannot perform sedentary work.  (*Id.* at 20.)  Plaintiff fails to cite to any medical evidence indicating that Plaintiff was required to lie down during the day to alleviate pain and appears instead to rely on her own testimony.  (*Id.*)  Plaintiff further asserts the ALJ failed to consider the side effects of her medication, namely sleepiness and weight gain.  (*Id.* at 24.)  Again, Plaintiff fails to cite to evidence in the record to support her argument; and further, Plaintiff fails to indicate how these side effects would cause limitations greater than those provided for in the ALJ's RFC determination.

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible.  (T. 17.)  Plaintiff asserts that the ALJ did not provide any explanation to support his credibility determination.  (Dkt. No. 11 at 28 [Pl.'s Mem. of Law].)  Plaintiff ignores the multiple reasons the ALJ provided to support his credibility determination, including Plaintiff's course of treatment for her mental and physical impairments, Plaintiff's past employment and her non-medical reasons for leaving, and her activities of daily living.  (T. 17-19.)

In determining whether a plaintiff is disabled, the ALJ must also make a determination as to the credibility of the plaintiff's allegations.  " 'An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility,

but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.' " *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)). The Second Circuit recognizes that " '[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant,' " and that "[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.' " *Schlichting*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983); *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)). Due to the fact that the ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of credibility," the ALJ's credibility assessment is generally entitled to deference. *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999)).

Plaintiff asserts the ALJ wrongly cited her lack of treatment for her back in assessing her credibility and failed to take into consideration that she did not have insurance. (Dkt. No. 11 at 29 [Pl.'s Mem. of Law].) However, as Defendant notes, what the ALJ actually cited was the lack of complaints and positive findings. (Dkt. No. 12 at 23 [Def.'s Mem. of Law].) Plaintiff also cited *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) for the proposition that it is inconsistent for the ALJ to believe her testimony regarding her activities of daily living but not her testimony about her limitations. (Dkt. No. 11 at 28 [Pl.'s Mem. of Law].) As noted by Defendant, the case is entirely distinguishable. (Dkt. No. 12 at 24 [Def.'s Mem. of Law].) In *Carradine*, the ALJ

found plaintiff's testimony regarding her activities of daily living credible, but her testimony regarding her limitations incredible. *Carradine,* 360 F.3d at 755. Here, the ALJ found that Plaintiff's overall testimony less credible. In addition, as outlined herein, although the ALJ ultimately determined that Plaintiff's testimony regarding her limitations was less credible, he stated his RFC determination reflected limitations based on the entire record including "maximal deference to subjective evidence." (T. 18.)

Plaintiff asserts the ALJ failed to credit Plaintiff for her "good work history." (Dkt. No. 11 at 29 [Pl.'s Mem. of Law].) In his determination the ALJ correctly noted that Plaintiff stopped working her full time job due to theft. (T. 18.) Although it is true that "a good work history may be deemed probative of credibility," it remains "just one of many factors" appropriately considered in assessing credibility. *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012). Overall, the ALJ properly took into consideration the appropriate factors in assessing Plaintiff's credibility. The ALJ noted Plaintiff's past work experience in his discussion as one of those factors; however, he ultimately determined that Plaintiff's testimony was not fully credible.

This Court is required to give significant deference to an ALJ's credibility determination and a review of the decision showed that the ALJ's provided reasons were supported by substantial evidence. For the above reasons, it is recommended that the ALJ's credibility finding was supported by substantial evidence and remand is not warranted.

Overall, because substantial evidence supported the ALJ's mental and physical RFC determination and the ALJ properly analyzed Plaintiff's credibility, remand is not recommended.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 29, 2017

_____
William B. Mitchell Carter
U.S. Magistrate Judge