UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY ANN CORBIERE,

                Plaintiff,

v.                                                      8:16-CV-1152
                                                         (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

SCHNEIDER & PALCSIK                MARK A. SCHNEIDER, ESQ.
  Counsel for Plaintiff
57 Court St.
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.        REBECCA H. ESTELLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Kerry Ann Corbiere ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 16, 17.)

For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I.  PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes four objections to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 17, at 1-3.)  First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that MRI results and other objective reports are not subject to the treating physician rule. (Dkt. No. 16, at 8; Dkt. No. 17, at 1-2.)  Specifically, Plaintiff argues that the results of objective tests reflect judgments about the nature and severity of impairments, and that she has an MRI indicating nerve root compression as well as clinical reports showing motor loss, reflex loss, and a positive straight leg raise ("SLR"). (*Id*.)  Plaintiff argues that this evidence supports her credible testimony regarding her limitations and that she does not have the RFC to perform sedentary work. (*Id*. at 2.)

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the Administrative Law Judge's determination that Plaintiff had, at most, moderate limitations in attention and concentration was supported by the evidence. (Dkt. No. 17, at 2.)  Specifically, Plaintiff argues that Dr. Melcher determined that Plaintiff made a mistake in the Serial 3 test, indicating more serious limitations in attention and concentration. (*Id*.)

Third, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that Plaintiff was not disabled by her morbid obesity (in combination with her other impairments). (*Id*. at 2.)  Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly and fully consider Plaintiff's obesity in combination with her other impairments and failed to consider Plaintiff's obesity when discrediting her testimony. (*Id*.)

Fourth, Plaintiff argues that her testimony was consistent and supported by the medical records and objective medical reports. (*Id*. at 3.) Plaintiff also argues that, if the ALJ had correctly credited her testimony, a finding of disability would be indicated. (*Id*.)

Plaintiff concludes by incorporating her "Appeal Brief" for "further factual and legal support," and arguing that the Court should reject Magistrate Judge Carter's Report and Recommendation and determine on the record that Plaintiff is disabled or, in the alternative, remand for a new hearing with a different ALJ. (*Id*.)

## II.  APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of*

3

*N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.   ANALYSIS

The Court finds Plaintiff's first objection unpersuasive. (Dkt. No. 17, at 1-2.) Plaintiff cites to 20 C.F.R. § 404.1527 to support her argument that findings of a medical source and results of objective tests are medical opinions under the treating physician rule. (*Id.*) Plaintiff argues that symptoms, diagnosis, and prognosis made by a medical source are opinions for the purposes of the treating physician rule. (*Id.*) However, 20 C.F.R. § 404.1527 indicates that medical opinions are statements indicating what a claimant can still do despite impairment(s) and a claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(1). Consequently, objective evidence does not constitute opinion evidence without a statement from a physician tying that objective evidence to specific functional limitations. To find otherwise would defy logic in that it would suggest that every piece of medical evidence in the record (including test results and treatment notes) constitutes a medical opinion subject to 20 C.F.R. § 404.1527 analysis.

The Court finds that Plaintiff's second objection merely reiterates arguments presented in her initial brief. (*Compare* Dkt. No. 11, at 17 *with* Dkt. No. 17, at 2.) Therefore, the Court

4

reviews this portion of Magistrate Judge Carter's Report and Recommendation for only clear error.[1] Plaintiff summarily re-asserts that consulting psychologist Carly Melcher, Psy.D., determined that Plaintiff made a mistake in the Serial 3 test and that this is indicative of more-serious limitations in attention and concentration. (Dkt. No. 17, at 2.) However, Dr. Melcher's medical source statement resulting from her examination clearly states that Plaintiff has only mildly limited attention and concentration and that she is able to follow and understand simple directions and instructions and perform simple and complex tasks independently (all with no limitations). (T. 240, 241.)[2] Plaintiff's argument that this mistake is indicative of more-serious limitations in attention and concentration is therefore inconsistent with Dr. Melcher's opinion. Further, as Magistrate Judge Carter noted, the ALJ actually concluded that Plaintiff's mental residual functional capacity ("RFC") was more restrictive than Dr. Melcher's opinion. (Dkt. No. 16, at 10; T. 18.) Therefore, the evidence related to Plaintiff's attention and concentration does not convince this Court that there was any error, much less a clear one, in Magistrate Judge Carter's conclusion.

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

The Court finds that Plaintiff's third objection appears to have largely been copied and pasted directly from her initial brief. A substantive objection to Magistrate Judge Carter's Report and Recommendation is absent. (*Compare* Dkt. No. 11, at 24 *with* Dkt. No. 17, at 2.) As noted by Magistrate Judge Carter, the ALJ found Plaintiff's obesity to be a severe impairment at Step Two and indicated that he considered her obesity under Social Security Ruling ("SSR") 02-1p. (Dkt. No. 16, at 10; T. 15, 19.) The evidence related to Plaintiff's obesity does not convince this Court that there was any error, much less a clear one, in Magistrate Judge Carter's conclusion. Again, as noted by Magistrate Judge Carter, there does not appear to be any argument as to how Plaintiff's testimony regarding her obesity was inconsistent with the ALJ's RFC limiting her to sedentary work. Given the lack of evidence supporting any greater limitations relating to Plaintiff's obesity, this Court is not persuaded by Plaintiff's objection and instead adopts Magistrate Judge Carter's Report and Recommendation on this issue in light of the lack of clear error.

The Court finds that Plaintiff's fourth objection is also a reiteration of the arguments presented in her initial brief. (*Compare* Dkt. No. 11, at 17, 24-32 *with* Dkt. No. 17, at 3.) Plaintiff argues that the ALJ did not provide a sufficient explanation to overcome her credible reports of her limitations, but includes no citations to the record (either to her testimony or the ALJ's decision) to indicate why Magistrate Judge Carter's recommendation should be rejected. As noted by Magistrate Judge Carter, Plaintiff appears to ignore the multiple reasons the ALJ provided to support his credibility determination. (Dkt. No. 16 at 11; T. 17-19.) Given those reasons (including Plaintiff's course of treatment for her mental and physical impairments, her past employment and her non-medical reasons for leaving, and her activities of daily living), this

Court is not persuaded by Plaintiff's objection and instead adopts Magistrate Judge Carter's Report and Recommendation on this issue in light of the lack of clear error.

Lastly, after carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the findings related to the remainder of the issues discussed in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts when coming to his conclusions on these issues. (Dkt. No. 16.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: February 5, 2018
         Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge